UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| **MICHAEL PROVOST** | ) | Civil Action No. 2:25-cv-00939 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BOSTON SCIENTIFIC** | ) | |
| **CORPORATION** | ) | |
| Defendant | ) | |

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff Michael Provost by and through his attorney, Law Office of Thomas C. Bixby, LLC., and hereby COMPLAINS and ALLEGES of the Defendant as follows:

**I.    PARTIES, JURISDICTION and VENUE**

1.    Plaintiff Michael Provost is a resident of the Town of Williamstown, County of Orange and State of Vermont.

2.    Defendant Boston Scientific Corporation, hereinafter "Boston Scientific", is a Delaware Corporation doing business in all 50 states, including Vermont, with its corporate headquarters located in Marlborough, Massachusetts.

3.    Boston Scientific designs, develops, produces, manufactures, assembles, markets, distributes and sells medical devices across the country including in the State of Vermont.

4.    The subject matter of the Complaint involves the failure of a medical device, specifically a Greenfield Vena Cava Filter.

5.    The Court has jurisdiction over the parties and the subject matter of this

1

Complaint pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6.     Venue is proper within the District Court of Vermont pursuant to 28 U.S.C. §1391 in that jurisdiction is founded upon diversity of citizenship and the events and/or omissions giving rise to the claim which occurred within the District of Vermont.

## II.    STATEMENT OF FACTS

7.     Plaintiff incorporates all of the above paragraphs of the Complaint, paragraphs 1-6, as if fully asserted herein.

8.     Defendant Boston Scientific at all times relevant designed, developed, produced, manufactured, assembled, marketed, distributed and sold a medical device known as the Greenfield Vena Cava Filter, a devise implanted and utilized for the purposes of controlling  pulmonary embolisms.

9.     On or about January 7, 1997, Plaintiff sustained severe bodily injury in a snowmobile accident resulting in a surgery on or about 1/12/97 which necessitated the placement of a Greenfield Vena Cava Filter at the University of Vermont Health Network. The filter was designed, developed, produced, manufactured, assembled, marketed, distributed and sold by Defendant Boston Scientific.

10.    A CT scan taken on or about February 17, 2023 indicated that the Greenfield Vena Cava Filter had tilted up towards Mr. Provost's stomach, that a leg of the filter had folded up on itself and several legs had penetrated beyond the cava wall.

11.    On or about May 6, 2024 a CT scan revealed that the previous CT scan (2/17/23) did not identify any fragments of the Greenfield Vena Cava Filter, only that one of the legs

may be partially folded.  However, on further imaging on 5/6/24, indicated that fragments were found to be in in the IVC duodenum wall and bone at L2 and L3.

12. As such on August 13, 2024 it was determined to remove the Greenfield Vena Cava Filter, however the fragments were left in place.

13. Upon information and belief there is a very real concern that these remaining pieces of the Greenfield Vena Cava may come lose and cause a blood clot in Plaintiff causing life threatening injury.

14. As such, Mr. Provost needs to have scans done of the remaining pieces for the rest of his life.

15. Upon information and belief, the Boston Scientific Greenfield Vena Cava Filter was implanted and utilized in accordance with Defendant's specific instructions, guidelines and directives.

16. Upon information and belief, on the day of, prior to and subsequent to the implantation of the Greenfield Vena Cava Filter within Plaintiff, Defendant knew or should have known that its Greenfield Vena Cava Filter when used as expected and intended, had the possibility of shifting, breaking apart, breaking free from its implantation site, migrating, perforating the vena cava and causing serious injury and/or death to patients, including but not limited to the Plaintiff.

17. Upon information and belief, Defendant Boston Scientific negligently, recklessly, wantonly and  carelessly failed to properly design and manufacture the Greenfield Vena Cava Filter implanted in Plaintiff.

18. Upon information and belief, Defendant's negligent, reckless, wanton and careless failure to notify patients, including Plaintiff, of the defective nature of its Greenfield Vena Cava

Filter, was the cause of Plaintiff's injuries.

19. Upon information and belief at the time of the implantation of the Greenfield Vena Cava Filter, the Defendant negligently, recklessly, wantonly and carelessly failed to provide proper and adequate warnings to the potential users/recipients of the product, including the Plaintiff, of the hazards associated with the filter, including but not limited to failing to properly and adequately warn that a person might suffer personal injury as a result of the implantation of the filter.

20. As a direct and proximate result of the acts and neglects of the Defendant, Plaintiff suffered personal injury as set forth more fully below.

## COUNT I: BREACH OF IMPLIED FITNESS AND FAILURE TO WARN- STRICT LIABILITY

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20, above, as if fully set forth herein.

22. This is an action for breach of an implied warranty of fitness for particular purpose pursuant to the laws of Vermont.

23. Plaintiff also brings this claim pursuant to the Restatement of Torts (Second) §402A, which under this doctrine, "a manufacturer is strictly liable for physical harm or property damages resulting from a defective product that reaches a user without undergoing substantial change."

24. As such, Defendant Boston Scientific is strictly liable for the harm and damages resulting from the defective Greenfield Vena Cava Filter implanted in the Plaintiff.

25. Defendant placed the Greenfield Vena Cava Filter, i.e., the product in the stream of commerce with the intent that the same would be utilized and

placed in the human body and implied that same was safe for such purposes, including the use of said product as an IVC Filter.

26.    In fact, the Greenfield Vena Cava Filter, i.e. the product, upon information and belief, was inherently unsuitable and not well suited for internal human uses, as said product was known or should have been known to cause bodily injury.

27.    The Greenfield Vena Cava Filter, i.e. the product, was implied by the conduct of the Defendant to be safe and suited for the proposed use as an internally placed Greenfield Vena Cava Filter.

28.    Defendant breached the implied warranty vis-a-vis the product and its suitable safety.

29.    Defendant's Greenfield Vena Cava Filter implanted into Plaintiff was defective due to inadequate post-marketing warnings or instructions as Defendant failed to provide Plaintiff and his physicians warning of the risk of injury of dislodgment of the device. Defendant failed to provide adequate warnings to the medical community and patients, including Plaintiff.

30.    The defective warnings and labeling of the Greenfield Vena Cava Filter were substantial factors in causing the injuries to the Plaintiff.

31.    Defendant is the "manufacturer" of the Greenfield Vena Cava Filter because it is engaged in the business of designing, formulating, producing, creating, making constructing, assembling or rebuilding the product.

5

32. In the alternative, the Defendant was a supplier of the Greenfield Vena Cava Filter because it sold, distributed, prepared, labeled or otherwise participated in the placing of the Greenfield Vena Cava Filter in the stream of commerce where it repaired or maintained the aspect of the vena cava filter that caused harm to the Plaintiff.

33. Defendant is liable for the Greenfield Vena Cava Filter's defective manufacture, design, inadequate warnings and failure to conform to the representations of the Defendant.

34. The Greenfield Vena Cava Filter implanted in Plaintiff was not properly manufactured to withstand normal, foreseeable and intended use for the care and treatment of DVT.

35. The defective aspects of the Greenfield Vena Cava Filter were the direct and  proximate cause of Plaintiff's injuries and potential future injuries.

36. To the extent the Defendant is a "supplier" rather than a "manufacturer", it is liable as though it were a manufacturer because it altered, modified or failed to maintain the Greenfield Vena Cava Filter after it came into its possession or it marketed the Greenfield Filter under its own label or trade name.

37. To the extent the Defendant is a "supplier" rather than a "manufacturer", it is liable for its own negligence which proximately caused Plaintiff's injuries, as well as the failure of the Greenfield Filter to conform to its representations of safety and the appropriate use of the

Greenfield Filter, which proximately caused Plaintiff's injuries.

38. Defendant expressly warranted that the Greenfield Filter was safe for ordinary and foreseeable use in patients such as Plaintiff as a treatment for pulmonary embolism.

39. However, such express warranty is not true. As such, the Greenfield Filter is not safe for such use and Defendant knew or should have known the filter was not safe for use and could cause severe personal injury and/or death.

40. Defendant also impliedly warranted that the Greenfield Filter was safe and fit for ordinary and foreseeable use as a treatment for pulmonary embolism. However, in actuality, the Greenfield Filter is not safe and fit for such use.

41. Plaintiff relied on these express and implied warranties and the breach of these warranties was the direct and proximate cause of Plaintiff's injuries which are set forth more fully below.

42. When the Greenfield Filter left Defendant Boston Scientific's control, it was in a condition that was unsafe, unreasonably dangerous, defective in that it was defectively manufactured or re-manufactured with inadequate, insufficient and improper warnings as required by law.

43. Despite Boston Scientific's knowledge that the Greenfield Filter was unsafe, unreasonably dangerous and/or defective, the Defendant transferred and/or sold the Greenfield Filter to the University of

Vermont Medical Center and/or its affiliate for implantation into the Plaintiff, either directly or through a supplier in its defective and unsafe condition and without proper warnings.

44.    As a direct and proximate cause of the acts and neglects of the Defendant, the defective condition of the Greenfield Vena Cava Filter manufactured and/or supplied by Defendant and for the failure to warn and their negligence, carelessness and other wrongdoing and actions described herein, Plaintiff suffered injuries and damages as set more fully below.

## COUNT II. NEGLIGENCE

45.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44, above, as if fully set forth herein.

46.    At all times relevant to this action, Defendant had a duty to exercise reasonable care and to comply with the existing standards of care in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the Greenfield Vena Cava Filter which Defendant introduced into the stream of commerce and included a duty to ensure that users would not suffer from unreasonable, dangerous or untoward adverse side effects.

47.    At all times relevant to this action, Defendant had a duty to warn all health care providers and consumers of the risks, dangers and adverse side effects of the Greenfield Vena Cava Filter inserted into Plaintiff.

48.    At all times relevant to this action, Defendant knew or reasonably should have known that the Greenfield Vena Cava Filter implanted in Plaintiff was unreasonably dangerous

and defective when used as directed and as designed, including but not limited to the following particulars:

a.      that the Greenfield Vena Cava Filter could become dislodged causing harm to an individual such as Plaintiff.

49.   Based on what they knew or reasonably should have known as described above, the Defendant deviated from principles of due care, deviated from the standard of care, and were otherwise negligent in one or more of the following particulars:

a.      in failing to conduct those tests and studies necessary to determine that the use of a Greenfield Vena Cava Filter may dislodge and/or breach the vena cava and/or legs may break off resulting in serious injury and/or death; and/or

b.      in failing to instruct or warn the medical community that the Greenfield Vena Cava Filter may dislodge and/or breach the vena cava and/or legs may break of resulting in serious injury and/or death; and/or

c.      failed to warn Plaintiff that he may be at risk for serious harm such as dislodgement and/or break through the vena cava and/or legs may break off resulting in serious injury and/or death; and/or

d.      by failing to give adequate warnings to purchasers and users of the Greenfield Filter, including Plaintiff, about its use and the risks associated with its use, including, but not limited to, the risk of migration and perforation and the unreasonably dangerous and defective condition of the filter; and/or

e.      by failing to discover the defects in the Greenfield Filter by not using reasonable care to inspect the filter prior to its being distributed into the chain of commerce and sold for implantation into patients including into the Plaintiff; and/or

f.      was otherwise negligent.

50. The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Plaintiff.

51. The injuries and damages suffered by Plaintiff were the reasonably foreseeable results of Defendant's negligence.

52. Plaintiff's injuries fall under the principal of *res ipsa loquitor* in that:

a. Greenfield Vena Cava Filter dislodgement, breaching of the vena cava and breakage does not normally occur unless the product is defective; and/or

a. there are no actions by the Plaintiff which caused these injuries; and/or

b. the negligence falls within the scope of Defendant's duties toward Plaintiff.

53. But for Defendant's breaches of duties, Plaintiff would not have developed and suffered the injuries and damages described with particularity, above.

## COUNT III. GROSS NEGLIGENCE

54. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 53, above, as if fully set forth herein.

55. Defendant owed Plaintiff a duty of care, breached this duty of care and was grossly negligent in their breach of the reasonable and expected standard of care which requires the imposition of punitive damages in this matter.

56. Defendant's misconduct and gross negligence is a flagrant disregard for the safety of any person(s) who might be harmed by the product in question, especially in light of the fact that substantial and debilitating injury and/or death would occur from a breach of the standard of care required in the design, manufactures and sale of the Greenfield Vena Cava Filter, including, but not limited to, safety, testing and warnings.

10

57. Common law punitive damages against the Defendant as a manufacturer or supplier is warranted and should be imposed in order to send a message to the public and prohibit similar conduct by other manufacturers and suppliers of similar medical devices in the future and to protect consumers in Vermont from the wanton, willful and reckless disregard of human health.

### COUNT IV. COUNT II VERMONT CONSUMER FRAUD ACT

58. Plaintiffs incorporate all of the allegations contained in paragraphs 1 through 57 above, as if those allegations are set forth fully herein.

59. The Defendant is a "Seller" as defined in the Vermont Consumer Fraud Act, **9 V.S.A., Chapter 63** (the "Act") and sold to Plaintiff, the ultimate consumer of the product, a Greenfield Vena Cava Filter that was defective and unreasonably dangerous.

60. Plaintiff is a "Consumer" as that term is defined in the Act as he is the ultimate consumer and intended beneficiary of the Greenfield Vena Cava Filter supplied by the Defendant.

61. Defendant's acts and neglects, joint and several, violate the Act as follows:

a) Defendant acted in a manner such that there was a representation, practice or omission by Defendant that was likely to mislead consumers, namely the Plaintiff, by failing to warn and notify Plaintiff and others that the Greenfield Vena Cava was dangerous and could cause serious bodily injury and/or death.; and

b) Defendant intentionally acted against Plaintiff's interests by failing to notify and warn of the dangers of the Greenfield Vena Cava Filter without a reasonable basis; and

c) No reasonable manufacturer, distributor, supplier would have failed to warn and notify of the harms and dangers of the Greenfield Vena Cava Filter as Defendant

11

did in this case; and

d) Plaintiff was materially and substantially harmed by the acts and neglects of the Defendant.

62. The conduct of Defendant, described herein, constitutes unfair or deceptive acts or practices in commerce as prohibited by the Act and is the proximate cause of Plaintiff's damages as set forth herein.

63. As a direct and proximate result of the Defendant's breaches of the Act, Plaintiff has suffered damages as set forth more fully below.

**PRAYER FOR RELIEF**

As the further proximate result of Defendant's negligence and breaches of duty, Plaintiff has had to seek medical attention: past, present and future. Plaintiff has incurred and will continue to incur great expense in the payment of medical and hospital bills. Plaintiff has suffered and will continue to suffer emotional and physical damages: past, present and future. Plaintiff has further suffered and will continue to suffer mental and physical pain and suffering and the diminution of his enjoyment of life: past present and future, all to his further damage in an amount appropriate to compensate him for his damages.

WHEREFORE, Plaintiff prays for **compensatory damages, hedonic damages, statutory damages and punitive damages** to adequately compensate him for his damages, with attorney's costs, costs of suit and all such other relief as this Honorable Court deems just and appropriate.

**PLAINTIFF  DEMANDS TRIAL BY JURY ON ALL COUNTS**

DATED at City of Rutland, in the County of Rutland and State of Vermont, this 31st day of December 2025.

By:     Plaintiff,
Michael Provost,


By:
Ss//Thomas C. Bixby

_____

Thomas C. Bixby, Esq.,
Law Office of Thomas C. Bixby, LLC.
Attorney for  Plaintiff
152 Woodstock Ave, Ste. B
P.O. Box 6856
Rutland, VT 05702
802-775-3229
tcblawvt@gmail.com